IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

GARY B. WILLIAMS,       )
                            )
     Petitioner,       )
                            )
v.                        )        Civil Action No. 3:23-cv-235–HEH
                            )
HAROLD CLARKE,       )
                            )
     Respondent.    )

## MEMORANDUM OPINION
### (Denying Rule 59(e) Motion)

Gary B. Williams ("Williams"), a Virginia inmate proceeding *pro se*, submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Successive § 2254 Petition"), challenging his convictions in the Circuit Court for the City of Suffolk. The Court previously denied a 28 U.S.C. § 2254 petition filed by Petitioner challenging these convictions. *See Williams v. Clarke*, No. 3:13CV276–HEH, 2014 WL 3640344, at *1 (E.D. Va. July 22, 2014). Accordingly, by Memorandum Opinion and Order entered on April 20, 2023, the Court dismissed the Successive § 2254 Petition as a successive, unauthorized 28 U.S.C. § 2254 motion.[1]

---

[1] The Antiterrorism and Effective Death Penalty Act ["AEDPA"] of 1996 restricted the jurisdiction of district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "gatekeeping mechanism." *Felker v. Turpin*, 518 U.S. 651, 657 (1996) (internal quotation marks omitted). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

On May 8, 2023, the Court received from Williams a "Rule 60 Motion to Vacate Judgment." (ECF No. 8.)  Because Williams filed his motion within twenty-eight days of the April 20, 2023 Memorandum Opinion and Order, the Court construes Petitioner's motion as filed pursuant to Federal Rule of Civil Procedure 59(e) ("Rule 59(e) Motion"). *See MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 277 (4th Cir. 2008) (citing *Dove v. CODESCO*, 569 F.2d 807, 809 (4th Cir. 1978)).  On June 29, 2023, Williams submitted another "Rule 60 Motion to Vacate Judgement" which the Court considers under Federal Rule of Civil Procedure 60(b) ("Rule 60(b) Motion," ECF No. 13).

"[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (internal quotation marks omitted).  The Fourth Circuit recognizes three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)).  Williams relies on the third ground.  Williams contends that he has obtained authorization from the Fourth Circuit to file his Successive § 2254 Petition.

## I. Standard for Successive § 2254 Petitions

"AEDPA greatly restricts the power of federal courts to award relief to state prisoners who file second or successive habeas corpus applications." *Tyler v. Cain*, 533 U.S. 656, 661 (2001). "Before a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

The relevant statute permits the Fourth Circuit to authorize a second or successive 28 U.S.C. § 2254 petition only under the following two circumstances:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2). The Fourth Circuit's *prima facie* determination that a habeas applicant satisfied § 2244(b) "is 'tentative in the following sense: the district court must dismiss the motion that [the Fourth Circuit has] allowed the applicant to file, without reaching the merits of the motion, if the court finds that the movant has not satisfied the requirements for the filing of such a motion.'" *McLeod v. Peguese*, 337 F. App'x 316, 324 (4th Cir. 2009) (quoting *Bennett v. United States*, 119 F.3d 468, 470 (7th Cir. 1997)). This Court must examine a habeas applicant's claim "*de novo*" and dismiss it if this Court finds it fails to satisfy the requirements of § 2244(b)(2). *In re Moss*, 703 F.3d

1301, 1303 (11th Cir. 2013) (quoting *Jordan v. Sec'y, Dep't of Corr.*, 485 F.3d 1351, 1358 (11th Cir. 2007)); *see McLeod*, 337 F. App'x at 317–18 (affirming district court's dismissal of a successive § 2254 petition because the petitioner failed to satisfy the requirements of § 2244(b)(2) even where the Fourth Circuit previously granted authorization to file the successive petition).

## II. Williams' Purported Authorization to File a Successive § 2254

Here, Williams points to an order entered by the Fourth Circuit that states:[2]

> Gary Buterra Williams has filed a motion pursuant to 28 U.S.C. §§ 2244, 2255(h) for authorization to file **a second or successive 28 U.S.C. § 2255 motion**. Based on our review of the record, we conclude that Williams has made a prima facie showing under 28 U.S.C. § 2255(h)(2). *See In re Thomas*, ___ F.3d ___, ___, 2021 WL 725619 (4th Cir, Feb. 23, 2021) (No. 19-292); *United States v. Simms*, 914 F.3d 229, 233–34 (4th Cir. 2019) (en banc). We therefore grant authorization for Williams **to file a second or successive § 2255 motion**, thus permitting consideration of the motion by the district court in the first instance.

(ECF No. 1-3) (emphasis added). By its explicit terms, the above Order authorizes Williams to file a second or successive § 2255 motion, not a successive 28 U.S.C. § 2254 petition. Therefore, Williams fails to demonstrate that the Court erred in dismissing his Successive § 2254 Petition.

However, Williams also directs the Court to a subsequent order entered by the Fourth Circuit that states:

> Gary Buttera Williams has filed a motion pursuant to 28 U.S.C. § 2244 for authorization to file a second or successive 28 U.S.C. § 2254 petition. However, this court has already granted Williams authorization to file his proposed § 2254 petition, *see In re Williams*, No. 22-199 (4th Cir. June 24, 2022) (unpublished order), though Williams has not yet filed the authorized

---

[2] The Court employs the pagination assigned by the CM/ECF docketing system.

§ 2254 petition in the district court. Therefore, this Court denies Williams'
instant § 2244 motion as unnecessary.

*In re Williams*, No. 23-166 (Feb. 27, 2023). To the extent, the above Order modifies the

Order in *In re Williams*, No. 22-199 (4th Cir. June 24, 2022) and authorized Williams to

file his § 2254 Petition, the Court finds that the Successive § 2254 Petition must be

dismissed because it fails to satisfy the requirements of 28 U.S.C. § 2244(b)(2).

### III. Williams Fails to Satisfy 28 U.S.C. § 2244(b)(2)

In his Successive § 2254 Petition that the Court dismissed on April 20, 2023,

Williams lists a single claim for relief wherein he states: "The state court and U.S.

District Court lacked authority under the 13th Amendment to leave in place a conviction

entered in violation of 28 U.S.C. § 1455(b)(3)." (ECF No. 1 at 5.) In support of this

claim, Williams states:

> I am a natural born citizen of the U.S. and therefore am granted by the 13th
> Amendment the substantive right to be free from slavery and involuntary
> servitude except as punishment where I have been duly convicted. 28 U.S.C.
> [§] 1455(b)(3) gave me immunity to trial and conviction until the district
> court first remands the prosecution back to the State. The state convicted me
> in July of 2011, and sentence me in October of 2011, but the District Court
> didn't remand prosecution back to the state until December 7, 2012 which
> means the State violated 28 U.S.C. § 1455(b)(3) (this law absolutely barred
> the state conviction.) . . . .

(*Id.* at 5, 16 (internal citation omitted) (emphasis omitted).) Williams apparently

contends that he is entitled to federal habeas relief because the petitions for removal that

he filed in this Court deprived the Circuit Court of jurisdiction over his state criminal

proceedings. *Williams v. Cir. Ct. for City of Suffolk*, No. 3:11CV125-HEH, 3:12CV78-

HEH, 2012 WL 6099090, at *1 (E.D. Va. Dec. 7, 2012), *aff'd*, 536 F. App'x 318 (4th Cir. 2013).[3]

Such a claim fails to satisfy the prerequisites of 28 U.S.C. § 2244(b)(2). Specifically, this claim does not satisfy the first circumstance for filing a successive habeas petition because it does not rely "on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2244(b)(2)(A).  Nor does this claim satisfy the second circumstance for filing a successive habeas petition because it is apparent that the factual predicate for this claim was known and available to Williams prior to the disposition of his First § 2254 Petition.  28 U.S.C. § 2244(b)(2)(B)(i).  Additionally, Williams fails to couple the claim with any evidence of his innocence as required by 28 U.S.C. § 2244(b)(2)(ii).  *Johnson v. Dretke*, 442 F.3d 901, 911 (5th Cir. 2006) (citation omitted) ("This standard has been described as a strict form of 'innocence'").  Accordingly, to the extent that Williams' Successive § 2254 Petition was authorized by the Fourth Circuit, his claim fails to satisfy 28 U.S.C. § 2244(b)(2) and must be dismissed.

Williams's Rule 59(e) Motion (ECF No. 8) will be denied because he fails to demonstrate that the Court committed a clear error of law or that it would be manifestly

---

[3] The Court initially dismissed Williams's petition for removal on June 21, 2011, because he failed to pay the required filing fee and concluded that Williams had three strikes under 28 U.S.C. § 1915(g) and could not proceed *in forma pauperis*. *Williams*, 2012 WL 6099090, at *1. Williams appealed and the Fourth Circuit "conclude[d] that the district court erred in finding that Williams had sustained three strikes under the [28 U.S.C. § 1915(g)]." *Williams v. Cir. Ct. ex rel. City of Suffolk*, 468 F. App'x 206, 207 (4th Cir. 2012).  On remand, the Court concluded that "Williams has failed to demonstrate that the requisite jurisdiction exists to allow him to remove his criminal cases to this Court." *Williams*, 2012 WL 6099090, at *3.

unjust to let the April 20, 2023 Memorandum Opinion and Order stand.  Williams' Rule 60(b) Motion (ECF No. 13) will be denied for the same reasons.  A certificate of appealability will be denied.

An appropriate Final Order will accompany this Memorandum Opinion.

/s/

Henry E. Hudson
Senior United States District Judge

Date: Jul 27, 2023
Richmond, Virginia

7